UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BULLSEYE TELECOM, INC.,

    Plaintiff,

v.

CENTURYLINK COMMUNICATIONS, LLC, *et al*.,

    Defendants.
_____/

Case No. 2:19-cv-10812
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

# **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF 27)**

    This matter came before the Court for consideration of Defendants' motion to compel discovery (ECF 27), Plaintiff's response in opposition (ECF 38), Defendants' reply (ECF 41), and the parties' initial and supplemental joint statements of unresolved issues in which they dispute eight of Defendants' requests for production and twelve of Defendants' interrogatory requests (ECFs 36 & 42). Judge Tarnow referred this motion to me for a hearing and determination (ECF 28), and the Undersigned held two telephonic status conferences to discuss the motion. A hearing was held on November 4, 2019, at which counsel appeared and the Court entertained extensive oral argument. The Undersigned ruled on the

requests for production from the bench, but took the disputes regarding the interrogatories under advisement.¹

Plaintiff filed its complaint in this case to recover payment for the telecommunications services known as access services that it provides to Defendants (ECF 1 at ¶¶ 1-8), and Defendants filed counterclaims (ECF 4).  The disputed discovery related to Plaintiff's claims generally involves Defendants' requests for information regarding over-the-top Voice-over or "OTT VoIP" charges (*see* ECF 42 at 3-7, 10-13), while the disputed discovery related to Defendants' counterclaims largely involves Defendants' requests for information regarding Presubscribed Interexchange Carrier Charges or "PICC" (*see* ECF 42 at 7-10, 13-16).

---

¹ At least one of the parties repeatedly utilized the antiquated term "magistrate" in its briefing.  The title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990,  Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.").  *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. COURTS L. REV. 1, 5-6 (2015).  Thus, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring.  I note that the case law also sometimes uses the term "magistrate," perhaps because some cases may involve "magistrates" as defined under pertinent *state* law, but at other times just out of carelessness in reference to federal magistrate judges.  In the latter case, it is the equivalent of calling a district judge "district," a bankruptcy judge "bankruptcy," a circuit judge "circuit," or perhaps just as inappropriately, a lieutenant colonel "lieutenant."

In its response to Defendants' motion to compel discovery, and at the hearing, Plaintiff argued, in part, that OTT VoIP charges are not actually at issue in the case because it does not assess access charges to Defendants for OTT VoIP traffic and, even if it did so, Defendants have "expressly and repeatedly taken the legal position [elsewhere] that *end office switching charges do lawfully apply to OTT VoIP traffic*." (ECF 38 at 7-14.) Nevertheless, Paragraph 30 of Plaintiff's complaint (ECF 1 at ¶ 30) and Defendants' answer to Paragraph 30 (ECF 4 at 15) place OTT VoIP traffic at issue, and information related to OTT VoIP charges is, therefore, relevant and discoverable in the instant matter, notwithstanding how Defendants' alleged inconsistencies may ultimately undercut their position or credibility here. *See* Fed. R. Civ. P. 26(b)(1). However, the parties agreed to limited discovery in the case (ECF 15),[2] and the Court will not allow Defendants to circumvent the parameters of that agreement or conduct a fishing expedition. Accordingly, having considered the motion papers and the oral argument of counsel, and for the reasons stated on the record with regard to Defendants' requests for production (which are incorporated by reference as though fully restated herein), Defendants' motion to compel discovery is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[2] The Joint Discovery Plan (the "Plan") allows the parties to serve fifteen interrogatories and fifteen production requests each. (ECF 15 at 2.)

- As discussed at the hearing and explained from the bench, Defendants' discovery requests related to Plaintiff's claims shall be limited in temporal scope, and where ordered to respond to such requests, Plaintiff need not produce documents or provide information pre-dating December 19, 2016.

- As discussed at the hearing and explained from the bench, Defendants' discovery requests related to Defendants' counterclaims shall also be limited in temporal scope, and where ordered to respond to such requests, Plaintiff need not produce documents or provide information pre-dating December 19, 2012.

- Plaintiff's "General Objections" are **OVERRULED**, consistent with the Undersigned's Practice Guidelines for Discovery. Objections must be specific and state an adequate individualized basis. *See Wesley Corp. v. Zoom T.V. Products*, *LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, No. 14-cv-10922, 2016 WL 3418554, at *3 (E.D. Mich. June 22, 2016) (This "Court has repeatedly found that the filing of boilerplate objections is tantamount to filing no objections at all.").

- Except as specified below, all of Plaintiff's objections claiming undue burden are **OVERRULED** as unsupported. As explained in the Undersigned's Practice Guidelines for Discovery, "a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections." *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

- Request for Production No. 4: Defendants' motion to compel Plaintiff's response to Request for Production No. 4 is **DENIED**, as the request is overbroad. Defendants may, however, file a more limited request within the

boundaries of the parties' Joint Discovery Plan, but must be mindful that the Court will consider it an additional production request under the Plan.

- Request for Production No. 5: Defendants' motion to compel Plaintiff's additional response to Request for Production No. 5 is **DENIED** for the reasons stated on the record.

- Request for Production No. 6: Defendants' motion to compel Plaintiff's response to Request for Production No. 6 is **GRANTED**. Plaintiff is ordered to produce exemplars for the scenarios employed, if any, by **December 6, 2019**.

- Request for Production No. 7: Defendants' motion to compel Plaintiff's response to Request for Production No. 7 is **GRANTED**. Plaintiff is ordered to supplement its response by **December 6, 2019**.

- Request for Production No. 8: Defendants' motion to compel Plaintiff's response to Request for Production No. 8 is **GRANTED IN PART**. Plaintiff is ordered to produce up to ten exemplar subscription agreements or other contracts responsive to the request by **December 6, 2019**.

- Request for Production No. 9: Defendants' motion to compel Plaintiff's response to Request for Production No. 9 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is only ordered to "produce all Documents referencing or relating to PICC charges assessed by BullsEye in (a) Michigan, (b) Wisconsin, and (c) Massachusetts, including but not limited to Documents relating to the mirroring, setting, benchmarking, modifying, tarrifing, or billing of PICC charges" (ECF 42 at 7), by **December 6, 2019**, as the rest of the request is overbroad and compound.

- Request for Production No. 10: Defendants' motion to compel Plaintiff's response to Request for Production No. 10 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is only ordered to produce any intrastate documents referencing or relating to originating switched access rates assessed by it "relating to the mirroring, setting, benchmarking, modifying, tariffing, or billing of originating switched access rates" (ECF 42 at 8), by **December 6, 2019**, as the rest of the request is overbroad and compound.

- Request for Production No. 11: Defendants' motion to compel Plaintiff's response to Request for Production No. 11 is **GRANTED**. Plaintiff is ordered to supplement its response as necessary within the temporal limitation for discovery related to Defendants' counterclaims provided above by **December 6, 2019**.

- Interrogatory No. 1: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 1 is **GRANTED** and Plaintiff's objections are **OVERRULED**. Plaintiff is ordered to supplement its response by **December 31, 2019**, by stating with specificity whether any of its customers connect to its network using any of the four scenarios described, how this was determined, and identifying each scenario that customers use.

- Interrogatory No. 2: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 2 is **GRANTED** and Plaintiff's objections are **OVERRULED**. Plaintiff is ordered to supplement its response by **December 31, 2019**.

- Interrogatory No. 3: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 3 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to supplement its response, by **December 31, 2019**, by describing with specificity the methods it uses to determine whether traffic on its network is VoIP, and how it routes this traffic to or from the public switched telephone network ("PSTN"), but Plaintiff need not respond to rest of the Interrogatory, as it is otherwise overbroad, unduly burdensome on its face and compound.

- Interrogatory No. 4: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 4 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to supplement its response, by **December 31, 2019**, by describing with specificity the methods it uses to determine whether traffic on its network is traditional telephone calling ("TDM"), and how it routes this traffic to or from the PSTN, but Plaintiff need not respond to the rest of the Interrogatory, as it is otherwise overbroad, unduly burdensome on its face and compound.

- Interrogatory No. 5: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 5 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to supplement its response, by

**December 31, 2019**, by identifying each NPA-NXX-XXX that originates on its network and that the North American Numbering Plan Administration (NANPA) did not assign to Plaintiff, for which it *assesses Defendants* switched access charges, if any. Plaintiff need not, however, provide this information as to any other person or entity who or which has been assessed switched access charges, as information unrelated to the traffic exchanged between Plaintiff and Defendants is irrelevant, not proportional to the needs of this case, and beyond the scope of discovery.

- Interrogatory No. 6: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 6 is **DENIED** because, despite Plaintiff's objections, it answered the Interrogatory in its supplemental response. (ECF 37-2 at 5-6.) Further, the Interrogatory requests information unrelated to the traffic exchanged between Plaintiff and Defendants, which is irrelevant, not proportional to the needs of this case, and beyond the scope of discovery.

- Interrogatory No. 7: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 7 is **DENIED** as the Interrogatory is inapplicable in light of Plaintiff's supplemental response to Interrogatory No. 6.

- Interrogatory No. 8: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 8 is **GRANTED**. Plaintiff's objections are **OVERRULED** for the reasons given on the record and above, for the reasons explained in the Court's denial of Plaintiff's motion for a protective order/stay (ECF 43), and as unfounded and boilerplate in the context of this Interrogatory. Plaintiff is ordered to supplement its response as necessary within the limitation for discovery related to Defendants' counterclaims provided above by **December 31, 2019**.

- Interrogatory No. 9: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 9 is **DENIED**, as it requires Plaintiff to provide its interpretation of the law and calls for a legal conclusion, notwithstanding Defendants' intertwining of the words "factual basis" within the question.

- Interrogatory No. 11: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 11 is **DENIED**, as it requires

Plaintiff to provide its interpretation of the law and calls for a legal conclusion notwithstanding Defendants' intertwining of the words "factual basis" within the question.

- <u>Interrogatory No. 12</u>: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 12 is **DENIED**, as it requires Plaintiff to provide its interpretation of the law and calls for a legal conclusion notwithstanding Defendants' intertwining of the words "factual basis" within the question.

- <u>Interrogatory No. 13</u>: Defendants' motion to compel Plaintiff's supplementary response to Interrogatory No. 13 is **DENIED**, as it requires Plaintiff to provide its interpretation of the law and calls for a legal conclusion notwithstanding Defendants' intertwining of the words "factual basis" within the question.

Finally, there will be no award of costs or fees to either party, neither having fully prevailed.

**IT IS SO ORDERED.**

Dated:  November 25, 2019             _____
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE